[No. 45027-1-I. Division One. April 30, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. DARRELL GREGORY JONES, *Appellant*.

*David B. Koch* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

GROSSE, J. — Darrell Jones contends the jury instructions in his trial for unlawful possession of a firearm relieved the State of its burden of proving two elements of the offense. The State does not dispute that the instructions omitted one of the elements, but contends any error was harmless. In supplemental briefs requested by this court, the parties disagree as to whether *Neder v. United States*[1] effectively supplants Washington cases prohibiting harmless error analysis when an error relieves the State of its burden of proof.

[1] *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999).

Because we conclude that the failure to instruct the jury on an element of the offense was not harmless and requires reversal, we do not address the effect of *Neder* on Washington law.

## FACTS

Only a few background facts are necessary to review Jones' contentions. A police officer responding to a report of shots being fired came upon three individuals, including Jones, standing near a parked car. The officer saw Jones place an object under the car and later found a handgun in that location. The gun was fully loaded and smelled of spent gunpowder. On cross-examination, the officer admitted he had not test-fired the gun and that it was not warm when he found it.

Jones did not testify at trial, but one of the other individuals at the scene, Zaron Hoard, testified that Jones did not have a gun in his hand and never bent down to put something under the car. Hoard said the third individual seen by police officers that night was actually closest to the car. In closing argument, defense counsel argued misidentification and asserted that the State had not proved that the gun was a "firearm" as defined in the instructions.

The court's "to convict" instruction set forth the following elements for second degree unlawful possession of a firearm:

[E]ach of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 26th day of October, 1998, the defendant owned or had a firearm in his possession or under his control, to wit: a Dakota .45 caliber revolver;

(2) That the defendant had previously been convicted of a felony offense[;] and

(3) That the acts occurred in the state of Washington.

Instruction 6. The jury convicted Jones as charged.

## DECISION

■ Following Jones' trial, the Washington Supreme Court held for the first time that "knowing possession" is an implied element of second degree unlawful possession of a firearm. *State v. Anderson*, 141 Wn.2d 357, 367, 5 P.3d 1247 (2000). It is undisputed that the "to convict" instruction in this case did not include that element. The State argues, however, that the error was harmless because knowledge was not disputed at trial. We disagree.

Initially, we note that it is unclear whether harmless error analysis applies in this setting. A line of Washington cases holds that harmless error analysis does not apply when instructional errors relieve the State of its burden of proof.[2] In 1999, however, the United States Supreme Court held in *Neder v. United States* that failure to instruct a jury on an element of an offense can be harmless. Jones takes the position that *Neder* has no effect on contrary Washington case law. He argues that United States Supreme Court decisions on constitutional questions set minimum standards for the states, and that state courts are bound by those decisions only to the extent that they may not provide defendants less protection than is mandated by the high court.[3] Because Washington decisions requiring automatic reversal for certain instructional errors provide more protection than the standard set in *Neder*, Jones concludes that *Neder* does not overrule those decisions or control this case. The State, on the other hand, takes the position that *Neder* is controlling because the Washington cases refusing to apply harmless error analysis have not identified a state law basis for their holdings.[4] Rather, the state cases rely

---

[2] *See generally State v. Jackson*, 137 Wn.2d 712, 727, 976 P.2d 1229 (1999); *State v. Byrd*, 125 Wn.2d 707, 713-14, 887 P.2d 396 (1995); *State v. Eastmond*, 129 Wn.2d 497, 503, 919 P.2d 577 (1996); *State v. Smith*, 131 Wn.2d 258, 263-66, 930 P.2d 917 (1997); *State v. Pope*, 100 Wn. App. 624, 630, 999 P.2d 51, *review denied*, 141 Wn.2d 1018 (2000).

[3] *See, e.g., State v. White*, 97 Wn.2d 92, 109, 640 P.2d 1061 (1982); *State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978).

[4] *See People v. Asay*, 224 Cal. App. 3d 608, 273 Cal. Rptr. 737 (1990) (noting that

either on federal law[5] or on earlier state cases that articulate no federal or state law ground for their decisions.[6]

■ We need not resolve this issue. Even assuming *Neder* is controlling, we cannot say that the omission of the knowledge element was harmless beyond a reasonable doubt.[7] The State correctly points out that knowledge was not disputed in Jones' trial. But there is an obvious explanation for this; knowledge was not declared an element of the offense until *after* Jones' trial. The State also suggested at oral argument that knowledge could not have been disputed on these facts. Under the circumstances of this case, it would be an untoward act of speculation for this court to declare what the defense could or could not have done had it known of the element. Jones did not testify at trial, and we simply have no way of knowing what evidence the defense could have presented, or what strategies it

reversible per se standard in state court decisions had "never been divorced from federal law" and thus might not be binding in the face of U.S. Supreme Court decision); *People v. Cahill*, 5 Cal. 4th 478, 853 P.2d 1037, 20 Cal. Rptr. 2d 582 (1993) (concluding that California case law was not modified by U.S. Supreme Court case because state cases were at least partly based on state law); *People v. Geisendorfer*, 991 P.2d 308 (Colo. Ct. App. 1999) (court of appeals followed *Neder* because contrary state decisions on harmless error were based on federal, not state law). *But see People v. Porter*, 221 Cal. App. 3d 1213, 270 Cal. Rptr. 773 (1990) (without addressing whether state supreme court decisions were based on state law, intermediate appellate court concluded that state decisions were binding and refused to follow U.S. Supreme Court).

[5] *See, e.g., State v. Smith*, 131 Wn.2d at 265-66 (citing state and federal case law); *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977); *State v. Jackson*, 87 Wn. App. 801, 812-15, 944 P.2d 403 (1997) (relying on federal constitution and federal case law); *State v. Austin*, 59 Wn. App. 186, 796 P.2d 746 (1990); *see also State v. Johnson*, 100 Wn.2d 607, 620-21, 674 P.2d 145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985) (indicating that, for purposes of determining whether harmless error analysis applies to a particular error, Washington courts will follow the lead of the U.S. Supreme Court).

[6] *See generally State v. Allen*, 101 Wn.2d 355, 358, 678 P.2d 798 (1984) (citing *State v. Carter*, 4 Wn. App. 103, 110-11, 480 P.2d 794 (1971), which in turn cites *State v. Turner*, 78 Wn.2d 276, 474 P.2d 91 (1970)); *State v. Emmanuel*, 42 Wn.2d 799, 259 P.2d 845 (1953); *State v. Hilsinger*, 167 Wash. 427, 9 P.2d 357 (1932); *State v. Rader*, 118 Wash. 198, 203 P. 68 (1922).

[7] The *Neder* majority held that failure to instruct on an element of an offense is harmless if it appears beyond a reasonable doubt that the jury's verdict would have been the same absent the error. *See Neder v. United States*, 527 U.S. at 7-15.

might have employed, had it been aware of the element before trial. Accordingly, we cannot find the error harmless beyond a reasonable doubt.

Given our holding, we need not reach Jones' argument that the "to convict" instruction could be read as directing a verdict on whether the Dakota .45 caliber revolver was a "firearm" as defined in the court's instructions. We note, however, that our courts have condemned similar instructions.[8] Counsel would be well advised to avoid the use of "to wit" language in future "to convict" instructions.

Reversed.

BECKER, A.C.J., and BAKER, J., concur.

Reconsideration denied July 27, 2001.

---

[8] *See generally State v. Becker*, 132 Wn.2d 54, 935 P.2d 1321 (1997); *State v. Akers*, 136 Wn.2d 641, 965 P.2d 1078 (1998); *State v. Holt*, 56 Wn. App. 99, 783 P.2d 87 (1989).