[No. 72354-1. En Banc.]
Argued November 12, 2002.    Decided April 3, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. ERIC LADON BANKS, *Petitioner*.

*Dana M. Nelson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman* and *Shaya Calvo, Deputies*, for respondent.

IRELAND, J. — Defendant claimed error in his bench trial conviction for unlawful possession of a firearm in the first degree because the judge's findings did not expressly include the element of knowledge as required by a case decided after his conviction. Because the court's unchallenged written findings necessitate an inference of knowledge, we hold any error in the findings harmless beyond a reasonable doubt and affirm the conviction.

## FACTS

On June 7, 1999, near a restaurant called The Hook, Line, and Sinker, the restaurant security guard observed Eric L. Banks in a heated discussion with some other customers. He advised the owners to call 911. He saw Banks leave the restaurant, stand next to his car, reach into the pocket of his jacket, and drop what appeared to be a gun on the ground. The security guard did not see whether Banks actually picked up the gun. However, it was not on the ground moments later when the security guard looked again.

The first patrol car arrived on the scene, and the officer testified that she witnessed Banks back the car out of the

restaurant parking lot. She alerted other patrol cars by radio, and two cars pursued Banks to a bank nearby. The officers testified that they were able to box Banks in with the rear of his car against the bank. Banks claimed to have simply pulled into the bank parking lot.

Two of the officers testified that while the spotlight of their patrol car was trained on the passenger compartment of the car, they saw Banks reach behind his back and pull a jacket off his seat. He threw it on the passenger's lap. The officer testified that the passenger, looking startled, pushed the jacket back towards Banks. Banks denied these events took place and testified that he did not have the jacket at all. Banks also testified that the car was not his, and that he had not inspected it before driving away from the restaurant.

One officer testified that when they ordered the four occupants out of the car, three of them were wearing jackets. Only Banks was not. One of the officers searched the car and found the jacket with a gun in its pocket. The jacket was not presented as evidence at trial.

Banks testified he told the arresting officer that he knew nothing about a gun. Banks' attorney argued in closing, "The evidence clearly shows that the jacket didn't belong to him. He didn't have a jacket. Nor did he have any knowledge that the jacket have [sic] a gun in there." 2 Verbatim Report of Proceedings (VRP) at 150.

The trial court did not adopt Banks' version of the facts. The court omitted "knowing possession" from its findings of fact and conclusions of law. With regard to possession, the court said in its oral decision,

> I know that Mr. Banks testified he didn't have the gun, he didn't have the jacket on, he doesn't know where the jacket is, it wasn't his. However, I think there is sufficient evidence, circumstantial and otherwise, for me to make a decision beyond a reasonable doubt that Mr. Banks, at one time, had a gun in a jacket he had his hands on, and the gun was still in that jacket after everyone was taken out of the car . . . . And so I will find that Mr. Banks had a firearm in his possession and control.

2 VRP at 155. In its written findings, the trial court found, "Defendant [Banks] bent over and picked up the gun and got into his car, which was parked directly in front of the restaurant." Clerk's Papers at 23. Banks was convicted of reckless driving and unlawful possession of a firearm in the first degree.

On appeal, Banks did not challenge the trial court's findings. Banks argued his conviction should be reversed because following his trial, *State v. Anderson*, 141 Wn.2d 357, 5 P.3d 1247 (2000), held that "knowing possession" is an element of unlawful possession of a firearm. Knowledge was neither argued by the State nor addressed in the trial court's findings of fact and conclusions of law. The Court of Appeals Division One held that there was sufficient evidence to support a finding of knowing possession, and remanded to the superior court for entry of new findings. *State v. Banks*, noted at 110 Wn. App. 1024, slip op. at 3-4 (2002) (per curiam). This court granted Banks' petition for review.

## ANALYSIS

Banks assigns error to the State's failure to argue knowledge as an element. At the time of Banks' trial, Division One had determined that "knowing possession" was not an element of unlawful possession of a firearm. *State v. Anderson*, 94 Wn. App. 151, 971 P.2d 585 (1999), *rev'd*, 141 Wn.2d at 359. During closing arguments, the prosecutor recited the elements as "[1] the defendant had a firearm in his possession or control . . . . [2] the defendant had previously been convicted of assault in the second degree, which is a serious offense . . . . [a]nd [3] this possession occurred in the State of Washington." 2 VRP at 138. Although the information charged Banks with knowing possession of a firearm, the prosecutor did not specifically argue knowledge as an element at trial. Subsequently, this court construed the unlawful possession statute to include the knowledge element. *Anderson*, 141 Wn.2d at 359.

■ Banks also assigns error to the trial court's failure to enter findings and conclusions on the knowledge element. The criminal rules for superior court judges require that, following a bench trial, the judge enter findings of fact and conclusions of law. CrR 6.1(d). Findings and conclusions comprise a record that may be reviewed on appeal. *State v. Head*, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998). Each element must be addressed separately, setting out the factual basis for each conclusion of law. *Id.* at 623. In addition, the findings must specifically state that an element has been met. *State v. Alvarez*, 128 Wn.2d 1, 19, 904 P.2d 754 (1995). In this case, the trial court did not specifically address knowledge in its findings of fact and conclusions of law. It did not meet the requirements of CrR 6.1(d).

We analyze whether these errors are subject to harmless error analysis and, further, whether the errors were harmless in this case.

A. Whether the errors are subject to harmless error analysis

■ ■ An error is subject to harmless error analysis unless the error is "so intrinsically harmful as to require automatic reversal (*i.e.* 'affect substantial rights') without regard to [its] effect on the outcome." *Neder v. United States*, 527 U.S. 1, 7, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). Certain errors defy harmless error analysis because they " 'infect the entire trial process' and 'necessarily render a trial fundamentally unfair.' " *Id.* at 8 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 630, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) and *Rose v. Clark*, 478 U.S. 570, 577, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986)). Otherwise, most constitutional errors are presumed to be subject to harmless error analysis. *Id.* The error in *Neder*, an omission of an element from the jury instructions, was subject to harmless error analysis because the defendant "was tried before an impartial judge, under the correct standard of proof and with the assistance of counsel . . . ." *Id.* at 9. Recently, we adopted the United States Supreme Court's position that a "jury

instruction that omits or misstates an element of a charged crime is subject to harmless error analysis to determine whether the error has not relieved the State of its burden to prove each element of the case." *State v. Brown*, 147 Wn.2d 330, 344, 58 P.3d 889 (2002) (relying on *Neder*).

■ The errors in this case neither infected the whole trial process nor rendered Banks' trial fundamentally unfair. Banks, like the defendant in *Neder*, was tried before an impartial judge who was required to determine guilt beyond a reasonable doubt. He had assistance of counsel. Under the reasoning in *Neder* and *Brown*, the errors are subject to harmless error analysis.

B. Whether errors in this case were harmless

Banks argues that the State in this case was relieved of the burden of proving every element of the charge because the judge was not asked to consider whether the knowledge element was met beyond a reasonable doubt and did not address knowledge in the findings and conclusions. The errors, Banks contends, were not harmless because Banks was denied a trial in which he could argue a theory of the case based upon the correct elements of the charge. We disagree.

■ The test to determine whether an error is harmless is " 'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " *Brown*, 147 Wn.2d at 341 (quoting *Neder*, 527 U.S. at 15). Stated another way, "An error is not harmless beyond a reasonable doubt where there is a reasonable probability that the outcome of the trial would have been different had the error not occurred . . . . A reasonable probability exists when confidence in the outcome of the trial is undermined." *State v. Powell*, 126 Wn.2d 244, 267, 893 P.2d 615 (1995) (citations omitted).

In *Neder*, the materiality element in a tax and bank fraud charge was not submitted to the jury, but instead was decided by the court against the defendant. 527 U.S. at 6.

An intervening case[1] held that the materiality element must be submitted to the jury. However, when the Supreme Court applied harmless error analysis, it held that because the omitted element was "uncontested and supported by overwhelming evidence," the error was harmless. *Id.* at 17.

Banks asserts that *Neder* is distinguishable on the basis that the defendant in *Neder* had the opportunity to contest the evidence regarding materiality because the parties in that case knew that materiality was an element of the charges. Here the element was not argued or decided because the trial court and the parties were not aware that knowledge was an element. Banks suggests he may have made different arguments, other than those he advanced regarding constructive possession of the car and the jacket, had the element been identified. Further, at oral argument, counsel for Banks argued that knowledge had not been litigated because Banks did not present a defense based on unwitting possession.

Banks contends that the Court of Appeals' decision in *State v. Jones*, 106 Wn. App. 40, 21 P.3d 1172 (2001), applies here. *Jones* was appealed under similar circumstances to this case: after a jury trial for unlawful possession of a firearm in the second degree, the *Anderson* decision was published. The "to convict" instruction had not included the knowledge element. The *Jones* court held that the omission was not harmless beyond a reasonable doubt. 106 Wn. App. at 44. It based its holding, in part, on the fact that the defendant did not take the stand, stating that it would be an "untoward act of speculation for this court to declare what the defense could or could not have done had it known of the element." *Id.* at 44-45. Similarly, Banks asserts, it is too speculative for this court to determine what he would have argued if he had known the correct elements of the case.

■ We find Banks' arguments unpersuasive. Initially, *Jones* is distinguishable because this court need not specu-

[1] *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995).

late regarding how Banks would have proceeded under different circumstances. Banks himself contested knowledge, despite ignorance of the element. Banks testified that the car, in which the jacket was found, was not his. He testified that the jacket, in which the gun was found, was not his. He testified that he did not know about the gun. And his attorney argued in closing that Banks did not know there was a gun in the jacket. In effect, he was advancing the defense of unwitting possession.

Further, the trial court's finding that Banks actually picked up the gun clearly demonstrates that the court did consider Banks' knowledge. Because the trial court took Banks' knowledge into account, the State's failure to argue knowledge did not contribute to the outcome of this case. Similarly, it is unnecessary to remand for additional findings. The trial court's findings and conclusions, which Banks did not contest, necessitate an inference of knowledge. There is no reasonable probability that the outcome would differ if the State had argued the knowledge element or the court had entered an express finding on knowledge.

We hold that, because the trial court's decision in Banks' trial would have been the same absent the errors, they were harmless beyond a reasonable doubt.

## CONCLUSION

The omission of an essential element from a prosecutor's arguments and from the findings and conclusions in a bench trial are errors that are subject to harmless error analysis. The State's error is harmless beyond a reasonable doubt because Banks argued that he did not know about the gun and the findings of fact clearly indicate that the judge considered knowledge. The trial court's error is also harmless beyond a reasonable doubt because from the existing findings and conclusions we infer that Banks had knowledge. Therefore, the Court of Appeals' decision to remand

the case to trial court is reversed, and the defendant's conviction is affirmed.

ALEXANDER, C.J., JOHNSON, MADSEN, BRIDGE, and OWENS, JJ., and SMITH, J. PRO TEM., concur.

SANDERS, J. (dissenting) — The majority concedes the trial court failed to find Banks knew he possessed a firearm. Majority at 43. However, it excuses this omission as harmless, inferring knowledge from the record. *Id.* at 46. Banks does not contend he "was denied a trial in which he could argue a theory of the case based upon the correct elements of the charge." *Id.* at 44. A defendant never bears the burden to disprove elements of a crime. *State v. Brown,* 147 Wn.2d 330, 339, 58 P.3d 889 (2002). Rather, Banks maintains his conviction violated due process because the state failed to "prove every element of the crime charged beyond a reasonable doubt." *Id.*

When a fact finder omits a factual finding which would establish an essential element of the crime the error is presumed prejudicial unless "that element is supported by uncontroverted evidence." *Brown,* 147 Wn.2d at 341. But here it is not. Banks specifically denied knowledge of the gun. Report of Proceedings (RP) at 127. This denial is not inconsistent with the evidence of record. In fact, there was no evidence Banks actually owned the gun or the jacket or the car in which the jacket was found.[2] *Id.* at 35, 72, 84. The State did not find Banks's fingerprints on the gun. *Id.* at 35, 84. Nor did it take the jacket into evidence. *Id.* at 72. No one saw him handle the gun.

The evidence connecting Banks to the gun was strictly circumstantial.[3] A security guard who observed Banks the night of the incident from 30 feet away saw him drop an

---

[2] The car was a rental, rented by someone other than Banks. Report of Proceedings at 128.

[3] It is important to note Banks does not raise the sufficiency of the evidence. If this were a sufficiency claim he would have to admit "the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas,* 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

object that resembled a small gun, but did not see him retrieve the object. RP at 116. Two of the police officers who arrested Banks saw him toss the jacket in which the gun was found away from him before he stepped out of the car. RP at 14, 64.

This evidence does not prove *knowing* possession beyond a reasonable doubt. Banks may have dropped something other than a gun, e.g., a cell phone or a pager. He may have pushed the jacket aside because it did not belong to him and he did not want to run the risk for any unknown contraband it might contain. Because the evidence is anything but conclusive on the omitted element of knowledge, reversal is required.

I therefore dissent.

CHAMBERS, J., concurs with SANDERS, J.