# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49271-7-II |
| Respondent, | |
| v. | |
| JARED ALFONS HEMINGER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jared Alfons Heminger appeals his conviction for first degree trafficking in stolen property after a bench trial on stipulated facts. Heminger argues the trial court erred by not specifically addressing the element of "knowledge" in its findings of fact and conclusions of law.

We hold that the trial court erred by failing to specifically address the "knowledge" element, but that the error was harmless. Therefore, we affirm.

## FACTS

The State charged Heminger with first degree trafficking in stolen property and second degree theft. Heminger agreed to enter into a drug court contract. Pursuant to the drug court contract, Heminger stipulated that if he were terminated from the program, the trial court would determine Heminger's guilt on the pending charges based solely upon a summary of the evidence that formed the basis for the probable cause statement. Heminger was not successful in following the terms of the drug court contract and agreed to be terminated from the program.

Heminger proceeded to a bench trial on stipulated findings of fact. Heminger said he believed there was sufficient evidence to convict him of first degree trafficking of stolen property but argued there was insufficient evidence in the stipulated findings to convict him of second degree theft. The State conceded that there were no facts besides those in the stipulated findings but argued that circumstantial evidence supported finding Heminger guilty of second degree theft.

The trial court concluded that there was sufficient evidence to establish the goods were stolen but found there was not enough evidence to convict Heminger of second degree theft. Thus, the trial court entered the following stipulated findings of fact, conclusions of law, and order:

## FINDINGS OF FACT

1.1     On December 8, 2015, Detective Adam Haggerty arrested John Burkett for drug charges, and obtained a search warrant for his belongings, which included the ability to view text messages on his cell phone. In Burkett's cell phone, Detective Haggerty located a series of text messages between Burkett and Jared Heminger exchanged on December 7, wherein Heminger was selling Burkett security equipment. These text messages depict pictures of the security equipment from a person whose entry into the phone is listed as "Jared Heminger" with a phone number of 360-970-[XXXX]. The value requested by Heminger for the security equipment was approximately $3[,]500.00[.]

1.2     On December 14, Detective Haggerty met with Heminger's parents and asked them about the security equipment their son was selling. Heminger's father indicated that he worked for a security installation company and that his son must have taken the items depicted in the text messages from his work truck.

1.3     Detective Haggerty learned that Jason Cane was the owner of the security company Heminger's father worked for and that he was the actual owner of the security equipment. Cane was contacted and agreed to cooperate with the prosecution of Heminger for selling his security equipment.

1.4    Based upon the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

2.1    The Court has jurisdiction over the Defendant and the present subject matter.

2.2    The Defendant, Jared Alfons Heminger, is guilty beyond a reasonable doubt of the crime of Trafficking in Stolen Property in the First Degree, as alleged in the Information.

2.3    ~~The Defendant, Jared Alfons Heminger, is guilty beyond a reasonable doubt of the crime of Theft in the Second Degree, as alleged in the information.~~

ORDER

3.1    Based upon the foregoing Findings of Fact and Conclusions of Law, the Defendant, Jared Alfons Heminger, is guilty beyond a reasonable doubt of the crime of Trafficking in Stolen Property in the First Degree, as alleged in the Information.

3.2    ~~Based upon the foregoing Findings of Fact and Conclusions of Law, the Defendant, Jared Alfons Heminger, is guilty beyond a reasonable doubt of the crime of Theft in the Second Degree, as alleged in the information.~~

3.3    A judgment and sentence consistent with these findings shall enter.

Clerk's Papers at 22-24 (strikethrough in original).

The trial court found Heminger guilty of first degree trafficking in stolen property and sentenced him to 9 months.  Heminger appeals.

ANALYSIS

A.    TRAFFICKING IN STOLEN PROPERTY

Heminger argues the trial court erred by not specifically addressing the element of "knowledge" in its findings of fact and conclusions of law for the first degree trafficking in stolen

3

property conviction. Br. of Appellant at 2. We agree that the trial court erred, but the error was harmless.

1.    Findings of Fact Failed to Specifically Address "Knowledge" Element

"The criminal rules for superior court judges require that, following a bench trial, the judge enter findings of fact and conclusions of law." *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003). CrR 6.1(d) states:

> In a case tried without a jury, the court shall enter findings of fact and conclusions of law. In giving the decision, the facts found and the conclusions of law shall be separately stated. The court shall enter such findings of fact and conclusions of law only upon 5 days' notice of presentation to the parties.

"Each element must be addressed separately, setting out the factual basis for each conclusion of law," and the findings must specifically state that each element has been met. *Banks*, 149 Wn.2d at 43. Where the trial court fails to meet these requirements, appellate review is subject to a harmless error analysis. *Id*.

"A person who knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property, is guilty of trafficking in stolen property in the first degree." RCW 9A.82.050(1). Thus, the essential elements for a conviction for first degree trafficking in stolen property are (1) the defendant knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or (2) the defendant knowingly traffics stolen property. RCW 9A.82.050(1).

> A person acts knowingly or with knowledge when:
>
> (i) he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
>
> (ii) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(1)(b). "'Traffic' means to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, possess, or obtain control of stolen property, with intent to sell, transfer, distribute, dispense, or otherwise dispose of the property to another person." RCW 9A.82.010(19).[1] "Possession of recently stolen property coupled with slight corroborative evidence is sufficient to prove guilty knowledge." *State v. Womble*, 93 Wn. App. 599, 604, 969 P.2d 1097, *review denied*, 138 Wn.2d 1009 (1999).

Here, the State concedes that the findings of fact do not specifically address the element of "knowledge." Br. of Resp't at 4. We accept the State's concession and hold that it was error not to specifically address the "knowledge" element for first degree trafficking in stolen property.

2. Error was Harmless

Although the State concedes that the "knowledge" element was not specifically addressed, the State argues that the error was harmless. Br. of Resp't at 3. We agree that the error was harmless.

Under the harmless error analysis, we determine "'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Banks*, 149 Wn.2d at 44 (quoting *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002)). The test is whether

---

[1] Whether the element of "trafficking" was addressed in the findings of fact and conclusions of law is not at issue in this appeal.

"'there is a reasonable probability that the outcome of the trial would have been different had the error not occurred. . . . A reasonable probability exists when confidence in the outcome of the trial is undermined.'" *Id.* (quoting *State v. Powell*, 126 Wn.2d 244, 267, 893 P.2d 615 (1995)).

Here, Heminger conceded that there was sufficient evidence in the stipulated facts to convict him of first degree trafficking of stolen property. The stipulated facts established that in text messages from "Jared Heminger," Heminger was selling security equipment that was taken from Heminger's father's work truck and that belonged to Cane, Heminger's father's employer. CP at 23. Heminger's father indicated that Heminger must have taken the security equipment. This evidence shows that the security equipment was stolen, and Heminger's knowledge that it was stolen can be inferred. Also, the record shows that the trial court concluded that the evidence was not sufficient to convict Heminger of the second degree theft charge, evidencing the trial court was considering the elements of each crime charged based on the stipulated facts. On this record, we hold that there is no reasonable probability that the outcome of the trial would have been different had the trial court made a specific finding addressing the element of knowledge. Therefore, we hold the error was harmless.

B.    APPELLATE COSTS

Heminger requests that we decline to impose appellate costs against him if the State prevails on this appeal and makes a proper request. The State responds by stating that it will not be seeking appellate costs. We accept the State's assertion and do not impose appellate costs.

No. 49271-7-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, A.C.J.