IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37561-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEVEN EDWARD SHUDA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Steven Shuda appeals after the trial court convicted him of two counts of third degree assault. The trial court's findings do not include a finding that Shuda acted intentionally. Because Shuda was not prejudiced by the insufficient findings, we vacate his convictions and remand for the trial court to enter supplemental findings based on the evidence presented at trial.

## FACTS

Officers Aaron Nelson and Benito Chavez responded to Shuda's parent's house because Shuda was talking to a wall and threatening to kill people. The crisis operator

ordered the officers to bring Shuda in for a medical evaluation. When the officers

attempted to arrest Shuda, he resisted and scuffled with them.

The State charged Shuda with two counts of third degree assault. Shuda waived

his right to a jury trial.

At trial, the State's witnesses testified somewhat inconsistently about the scuffle.

They agreed, however, that Shuda did not want to be arrested, that he fought back, and

that he hit or kicked one or both officers. Shuda denied intentionally hitting or kicking

either officer. He explained he lost his balance after the officers used a taser on him and

what looked like an intentional kick was not.

The trial court found Shuda guilty of two counts of third degree assault. In its

written findings, the trial court found, "When the officers attempted to arrest Mr. Shuda,

Mr. Shuda struck Officer Chavez in the head and kicked Officer Nelson." Clerk's Papers

(CP) at 55. The court omitted any finding on the contested issue—whether Shuda acted

with intent.

At sentencing, the court imposed a standard range sentence of 14 months, but

neglected to impose community custody. The court subsequently corrected this in a

separate order and imposed 12 months of community custody. In doing so, it did not

2

indicate which community custody conditions were imposed, including whether Shuda was required to pay community custody supervision fees.

Shuda appealed.

## ANALYSIS

A.  REMEDY FOR INSUFFICIENT FINDINGS[1]

The parties agree the trial court's written findings are insufficient to support Shuda's convictions because the findings failed to find that Shuda acted with intent.  Both also agree a remedy is appropriate.  Shuda asks this court to reverse and dismiss his assault convictions with prejudice.  The State asks this court to vacate Shuda's assault convictions and remand for entry of further findings based on the evidence already presented.  As explained below, we agree with the State's requested remedy.

Following a bench trial, a trial court must enter findings of fact and conclusions of law.  CrR 6.1(d).  "Each element must be addressed separately, setting out the factual basis for each conclusion of law."  *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003).  "In addition, the findings must specifically state that an element has been met."  *Id.*

---

[1] We decline Shuda's invitation to infer a finding that he did not act with intent when he struck and kicked the officers.  Such an inference is incompatible with the trial court's verdict.  *See State v. Souza*, 60 Wn. App. 534, 540, 805 P.2d 237 (1991).

The State charged Shuda under RCW 9A.36.031(1)(g) with assaulting law enforcement officers. Intent is an element of assault. *State v. Brown*, 94 Wn. App. 327, 342, 972 P.2d 112 (1999), *aff'd*, 140 Wn.2d 456, 998 P.2d 321 (2000). Because the trial court did not address this element in its written findings, the findings do not comply with CrR 6.1(d). Our examination of cases discussing this issue convinces us that the proper remedy for noncompliance with CrR 6.1(d) depends on whether the defendant was prejudiced by the error.

In *State v. Head*, 136 Wn.2d 619, 964 P.2d 1187 (1998), Head appealed several first degree theft convictions following a bench trial. He challenged the sufficiency of the evidence supporting the convictions and also the trial court's failure to enter any findings or conclusions. *Id*. at 620-21. The *Head* court limited its review to finding an error under CrR 6.1(d), and then vacated Head's convictions and remanded for the trial court to enter findings of fact and conclusions of law. *Id*. at 622-26. The *Head* court prohibited the trial court from considering any additional evidence on remand and advised the trial court it was not bound by its earlier oral ruling. *Id*. at 625-26. The high court noted reversal was possible if Head could show actual prejudice, e.g., that the new findings were tailored to address issues raised on appeal. *Id.* at 624-25. But because Head had not

shown actual prejudice yet, the appropriate remedy was to vacate his convictions and remand rather than to reverse and dismiss his convictions with prejudice. *Id*. at 624-25.

In *Banks*, Banks was charged with unlawful possession of a firearm. 149 Wn.2d at 40. There, a 911 caller saw Banks drop a gun and then moments later did not see the gun on the ground. An officer later stopped Banks and found a gun in the car Banks was driving. At trial, the prosecutor did not argue that Banks knowingly possessed the gun because that mens rea was not grafted into the elements by the Washington Supreme Court until shortly after Banks's trial. *Id*. at 42. Accordingly, the trial court did not enter an explicit finding that Banks knowingly possessed the gun. *Id*. On appeal, Banks argued that his conviction must be reversed because the State was relieved of its burden of proving every element of the charge beyond a reasonable doubt. *Id.* at 44. The *Banks* court determined that the State's failure to argue knowing possession was harmless beyond a reasonable doubt because Banks had argued at trial that he did not know the gun was in the car. *Id.* at 45-46. The *Banks* court also determined that remand was unnecessary because the trial court had found that Banks actually had picked up the dropped gun, which showed it had considered Banks's knowledge. This finding supported the inference that the trial court had made the necessary finding. *Id.* at 46.

Here, the element of the charged crime contested at trial was whether Shuda struck

the arresting officers intentionally. Similar to *Banks*, Shuda presented evidence and

argument on the missing finding. We conclude that Shuda was not prejudiced by the trial

court's noncompliance with CrR 6.1(d). However, unlike in *Banks*, there is nothing in the

trial court's findings or conclusions that allow us to infer the missing finding. The

remedy ordered in *Head* is appropriate. We direct the trial court to vacate Shuda's

convictions and, based on the evidence presented at trial, to enter supplemental findings

on whether Shuda intentionally struck Officer Chavez on the head and whether he

intentionally kicked Officer Nelson.[2]

### STATEMENT OF ADDITIONAL GROUNDS (SAG) FOR REVIEW

In his first SAG, Shuda writes that he agrees with his appellate attorney.

In his second SAG, Shuda asks for the right to a "jury trial appeal as this was a

bench trial." There is no such thing as a jury trial appeal. Shuda can take partial

consolation knowing that a panel of three neutral judges reviewed the record and his

arguments. Beyond that, we deny his request.

---

[2] On appeal, Shuda also requested resentencing to omit a simple possession
conviction from his offender score and to strike the community custody supervision fees.
Because his convictions must be vacated, those issues are moot.

No. 37561-7-III
*State v. Shuda*

Vacate convictions and remand for supplemental findings.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____      _____
Pennell, C.J.                          Fearing, J.

7