# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57072-6-II |
| Respondent, | |
| v. | |
| PAUL GRAGG DESCHAMPS, | UNPUBLISHED OPINION |
| Appellants. | |

VELJACIC, J. — Paul G. Deschamps appeals his assault in the second degree conviction following a bench trial. He argues that the trial court failed to enter findings of fact relating to reasonable apprehension and imminent fear of bodily injury. In his statement of additional grounds for review (SAG), Deschamps alleges that the Mason County Sheriff's Office fabricated evidence against him. We affirm.

## FACTS[1]

Deschamps and Russell Solomon live near each other and use the same rural road. One of Solomon's friends, Michael Goodman, lives on the same road as Deschamps. Solomon went to visit Goodman one day and drove by Deschamps's property.

Deschamps left two voice mails on Goodman's phone complaining about Goodman's friends driving too fast on the road near Deschamps's home and alleging Deschamps fired his shotgun to teach them a lesson. After Goodman played one of the voice mails for Solomon,

---

[1] The following facts rely, in part, on the trial court's findings of fact, which are unchallenged and therefore verities on appeal. *State v. Meredith*, 1 Wn.3d 262, 269, 525 P.3d 584, 590 (2023).

Solomon went to Deschamps's home to confront him. Deschamps pointed a gun at Solomon's face while he sat in his car. The vehicle did not have a windshield. Deschamps then lowered the gun and fired it two times.

The State charged Deschamps with assault in the second degree under RCW 9A.36.021(c) (assault with a deadly weapon). The matter proceeded to a bench trial.

Solomon testified that after Deschamps put the gun to his face, he "got the hell out of there." Rep. of Proc. (RP) (Apr. 21, 2022) at 31. He even ran over some blackberry bushes on the way out because he "was so—nervous or scared." RP (Apr. 21, 2022) at 32. Deschamps also testified that "if somebody stuck a gun in my face and said get gone, I'd be long gone." RP (Apr. 21, 2022) at 194

In its closing remarks, the State instructed, "In order to convict [Deschamps] the State has to show that this was an act done with the intent to create in another . . . reasonable apprehension and imminent fear of bodily injury." RP (Apr. 22, 2022) at 242. There was no objection.

Following the bench trial, the trial court found that Deschamps told police "he discharged the rounds to show Solomon he meant business" and that "he fired the second round because the first one didn't seem to bother Solomon." Clerk's Papers (CP) at 13 (Finding of Fact (FF) 35).

The trial court concluded that "Deschamps intentionally assaulted [Solomon] by pointing a pistol . . . 1'-3' from Solomon's face while Solomon was seated in a stopped vehicle . . . [and by] subsequently firing two rounds into the ground just to Solomon's left all while yelling at him to leave." CP at 13 (Conclusion of Law (CL) B). The court further concluded that "Deschamps intended to intimidate or frighten Solomon by his actions." CP at 13 (CL D).

The trial court also found that Deschamps believed he was "set up" by the sheriff's office. CP at 13 (FF 38). But the court concluded that his "assertions that his voicemails and 911 call are falsified and his claims of conspiracy are without merit." CP at 14 (CL J).

The trial court found Deschamps guilty as charged. Deschamps appeals.

## ANALYSIS

I.     SUFFICIENCY OF FINDINGS OF FACT

Deschamps contends that the trial court erred by not finding that he created reasonable apprehension and imminent fear of bodily injury in its findings of fact. The State concedes that the trial court failed to make this finding, but argues that the error is harmless. We agree with the State.

A.     Legal Principles

Following a bench trial, the trial court must enter findings of fact and conclusions of law. CrR 6.1(d); *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003). These findings of fact and conclusions of law must address each element of the charged offense. *Banks*, 149 Wn.2d at 43. "In addition, the findings must specifically state that an element has been met." *Id*.

The failure to make express findings that an element has been met does not automatically require remand; insufficiency of findings of fact and conclusions of law from a bench trial is subject to a harmless error analysis. *Id*. at 43-44. To address whether the omission in the findings of fact and conclusions of law is harmless, we examine "'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id*. at 44 (internal quotation marks omitted) (quoting *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002)). We must determine whether "'there is a reasonable probability that the outcome of the trial would have been different had the error not occurred. . . . A reasonable probability exists when confidence in

3

the outcome of the trial is undermined.'" *Banks*, 149 Wn.2d at 44 (quoting *State v. Powell*, 126 Wn.2d 244, 267, 893 P.2d 615 (1995)).

To convict Deschamps of assault in the second degree, the State had to prove Deschamps assaulted another with a deadly weapon. RCW 9A.36.021(1)(c). Because RCW 9A.36.031 does not define "assault," assault is defined by the following common law definition: "(1) an unlawful touching (actual battery); (2) an attempt with unlawful force to inflict bodily injury upon another, tending but failing to accomplish it (attempted battery); and (3) putting another in apprehension of harm." *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). For purposes of this case, the act must be done with the intent to create in another "reasonable apprehension and imminent fear of bodily injury." RP (Apr. 21, 2023) at 242; *See State v. Johnson*, 188 Wn.2d 742, 755, 764-65, 399 P.3d 507 (2017) (instruction not objected to becomes the law of the case).

To show reasonable apprehension and imminent fear of bodily injury, "[t]he conduct must go beyond mere threats; there must be some physical action that, under all the 'circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent.'" *State v. Miller*, 197 Wn. App. 180, 186, 387 P.3d 1135 (2016) (quoting *State v. Maurer*, 34 Wn. App. 573, 580, 663 P.2d 152 (1983)). "It is well settled in this state that second degree assault is committed when, within shooting distance, one points a loaded gun at another." *State v. Johnson*, 29 Wn. App. 807, 816, 631 P.2d 413 (1981). This is because "apprehension . . . may be inferred to exist when a gun is pointed at someone." *Id*.

B.      Omitted Finding of Fact is Harmless Error

Here, Deschamps pointed a gun at Solomon's face and then lowered the gun and fired it two times. Solomon testified that when Deschamps put the gun to his face, he "got the hell out of there," running over some bushes on his way out because he was "was so—nervous or

scared." RP (Apr. 21, 2022) at 31-32. Deschamps also testified that "if somebody stuck a gun in my face and said get gone, I'd be long gone." RP (Apr. 21, 2022) at 194 And he testified that he fired it a second time to scare Solomon.

While the trial court did not specifically enter a finding of fact that Deschamps put Solomon in reasonable apprehension and imminent fear of bodily injury, the apprehension and imminent fear are inferred by both Deschamps's and Solomon's actions. This supports the trial court's conclusions of law that "Deschamps intentionally assaulted [Solomon] by pointing a pistol [at his face and] . . . subsequently firing two rounds into the ground just to Solomon's left all while yelling at him to leave" and that "Deschamps intended to intimidate or frighten Solomon by his actions." CP at 13 (CL B, D). Accordingly, the omission of a finding of fact regarding reasonable apprehension and imminent fear of bodily injury is harmless error.

## II.    SAG

In his SAG, Deschamps contends that Mason County Sheriff's Office fabricated evidence against him for the last 22 years. He attaches numerous documents relating to this allegation. We initially note that we will not consider documents attached to a brief that are not included in our record. RAP 10.3(a)(8).

The trial court concluded that "Deschamps's assertions that his voicemails and 911 call are falsified and his claims of conspiracy are without merit." CP at 14 (CL J). Deschamps does not provide any detail in his SAG regarding how the trial court erred in reaching this conclusion. Under RAP 10.10(c), SAG claims must inform us, at a minimum, of the nature and occurrence of any alleged errors. Deschamps fails to do so. Accordingly, we do not address Deschamps's contention further.

CONCLUSION

Because the trial court's omission of the element of reasonable apprehension and imminent fear of bodily injury in its findings of fact is harmless error and because Deschamps's argument in his SAG is without merit, we affirm Deschamps's assault in the second degree conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Glasgow, C.J.