**FILED**
**JUNE 27, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39370-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW STAWICKI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — Andrew Stawicki appeals his conviction for second degree

unlawful possession of a firearm following a stipulated facts bench trial. Stawicki

contends that the trial court failed to find that he knowingly possessed a firearm. We

agree that the court's written decision fails to make findings on this essential element.

Nevertheless, in light of the court's oral decision, we conclude the error was harmless.

We affirm Stawicki's conviction but remand for the court to amend the written findings

to reflect its oral decision.

BACKGROUND

Stawicki was driving his vehicle with a passenger when he was pulled over by

police. During the stop, the officer saw a box of .357 magnum ammunition at Stawicki's

feet in the car. The officer also saw that Stawicki was wearing an empty holster on his

hip that appeared to be designed for a long-barreled revolver handgun like a .357 pistol. The officer determined that Stawicki had a prior felony conviction prohibiting him from possessing a firearm. Stawicki told the officer that he leaves his mother with a loaded .357 pistol when he leaves town and the ammunition at his feet was collected from his mother's house. He said the holster was for a BB gun.

The police seized Stawicki's car and obtained a warrant to search it for firearms. In the trunk, police found body armor, two bandoliers with several hundred rounds of ammunition, and a loaded .308 caliber rifle in a guitar case.

Stawicki was charged with second degree unlawful possession of a firearm. He waived a jury trial and agreed to a stipulated facts bench trial. Both parties stipulated to the entirety of the facts presented to the trial court by stipulating to the admissibility of the relevant Ellensburg police report. Stawicki explained that he did not have a defense and was effectively entering a guilty plea to preserve his right to appeal a motion to suppress.

The trial court found Stawicki guilty as charged. During the court's oral decision, the court found that a loaded rifle with a round in the chamber was found in a guitar case in Stawicki's trunk and "two bandoliers with numerous magazines" amounting to "several hundred rounds" of ammunition, most of which matched the rifle, were also in the vehicle. The court also found that Stawicki was wearing a holster at the time he was

pulled over. Then, the court found: "the defendant knowingly had a firearm in his possession or control. I will find that has been proven [sic] beyond a reasonable doubt."

At the plea and sentencing hearing one week later, the court stated that the findings were "orally on the record" and it would file written findings shortly thereafter for the purposes of appeal. The written findings and conclusions were filed a couple months later and did not expressly address the knowledge element.

Stawicki appeals his conviction.

ANALYSIS

1. ADEQUACY OF FINDINGS

Stawicki contends that the trial court failed to find the knowledge element required for second degree unlawful possession of a firearm because the element was omitted from the court's written findings and conclusions. The State maintains that the trial court found the element of knowledge orally and it was a scrivener's error—and therefore harmless error—to omit the element from the written findings. Stawicki contends that the error is not harmless because the evidence is insufficient to support a finding that he knowingly possessed the firearm.

We agree that the trial court erred in failing to make specific findings on the essential element of knowingly possessing a firearm. However, we find the error harmless. In its oral decision, the trial court made specific findings that Stawicki knowingly possessed the firearm, and the evidence is sufficient to support this finding.

3

Following a bench trial on a criminal case, a trial court must enter findings of fact and conclusions of law. CrR 6.1(d). The written findings must address each element separately, and set forth the factual basis for each conclusion of law. *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003). The findings must specifically state whether an element has been proved. *Id.*

An essential element of the offense of second degree unlawful possession of a firearm is "knowing possession." *State v. Anderson*, 141 Wn.2d 357, 359, 5 P.3d 1247 (2000). Here, the trial court erred by failing to address the essential element of knowing possession in its written findings and conclusions.

Our Supreme Court has stated that this type of error is subject to a constitutional harmless error analysis. *Banks*, 149 Wn.2d at 44. "The test to determine whether an error is harmless is 'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 44 (internal quotation marks omitted) (quoting *State v. Brown*, 147 Wn.2d 330, 58 P.3d 889 (2002)).

In this case, the error was harmless. Both parties stipulated to the entirety of the facts presented to the trial court by stipulating to the admissibility of the relevant Ellensburg police report. Stawicki does not assign error to any of the trial court's oral or written findings of fact which are therefore considered verities on appeal. *State v. Brockob*, 159 Wn.2d 311, 343, 150 P.3d 59 (2006). Moreover, the trial court clearly addressed the knowledge element in its oral decision. *See State v. Carlson*, 143 Wn.

4

App. 507, 521, 178 P.3d 371 (2008) (A trial court's written findings may be reviewed together with the oral findings to determine whether each element was properly considered.).

Stawicki contends that the error was not harmless because the evidence is insufficient to support such a finding.[1] We disagree. The court was presented with stipulated evidence. From this evidence, the court found that a loaded rifle, including a round in the chamber, was found in a guitar case in Stawicki's trunk and "two bandoliers with numerous magazines" amounting to "several hundred rounds" of ammunition matching the rifle were also in the vehicle. RP at 110-11. Stawicki was wearing a holster on his hip at the time he was pulled over and there was a box of ammunition at his feet. There was also body armor found in the vehicle. This evidence was sufficient to support a finding of knowledge and sufficient to support the conclusion that the trial

---

[1] In his reply brief, Stawicki moved under RAP 17.4(d) "to allow him to assert the sufficiency of the evidence supporting the knowledge element as an additional assignment of error." We deny this motion. RAP 17.4(d) allows a party to file a motion within the briefs "which, if granted, would preclude hearing the case on the merits." Stawicki's motion is asking us to review the merits of the case. Nevertheless, we consider whether the evidence was sufficient to support the court's finding of knowledge because Stawicki preserved the issue and argued insufficient evidence in his opening brief.

court's failure to separately set forth the knowledge element in its written findings was a scrivener's error and was harmless error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.